UNITED STATES DISTRICT COURT     WESTERN DISTRICT OF NEW YORK

TEKAHONRAKE,

                         Plaintiff

          vs                              VERIFIED COMPLAINT

BENJAMIN H. BUCK, Individually and in his official
capacity,  JOSHUA D. VANSKIVER, Individually
and in his official capacity, EUGENE WALRATH,
Individually and in his official capacity, OFFICER SAMUELSON,
Individually and in his/her official capacity, and OFFICER SCHREIBER,
Individually and in his/her  official capacity

                         Defendant

     PLAINTIFF, by his attorneys, Hoffmann, Hubert & Hoffmann, LLP, alleges the

following as and for his Verified Complaint and said allegations are on the basis of his

personal knowledge and on information and belief as to all other matters:

**NATURE OF THE ACTION**

     1.  Plaintiff is a Native American and a member of the Kanienkehaka Territory

located within the geographical confines of the Northern District of New York via

Hogansburg, New York.

     2.  That on the 16th day of September 2012, while the Plaintiff was in the City of

Elmira on College Avenue, Plaintiff was arrested around 1:30 a.m.  Plaintiff was

arrested by one or more of the Defendants and charged with one count of Harassment,

Second Degree and  two counts of Resisting Arrest.  That these charges were

ultimately resolved by way of an Adjournment in Contemplation of Dismissal in Elmira

City Court in June 2013. And all charges against the Defendant were deemed dismissed in December 2013.

    3. That during the course of Plaintiff's arrest, the Plaintiff was subject to excessive use of force in violation of his Constitutional Rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. More specifically, the Plaintiff was repeatedly tasered by two of the Defendants while the other Defendants encouraged, aided and abetted the tasering of the Plaintiff and/or failed to take any action to prevent the unlawful tasering of the Plaintiff. At one point during the tasering of the Plaintiff, Plaintiff had been physically subdued and was lying prone on the ground and was offering no physical resistance when he was tasered in the back by the Defendant who is believed to be Officer Samuelson, while two of the other Defendants were physically restraining the Plaintiff, and while the remaining named Defendants stood by and did nothing to prevent the exercise of excessive and unlawful use of force against the person of the Plaintiff.

    4. The said tasering of the Plaintiff was not justified in law or in fact, and the Plaintiff did not consent to such violent, offensive use of a dangerous instrument on his person. As a result of said repeated tasering, which tasering constituted an excessive use of force, Plaintiff sustained physical injuries, which required medical treatment. Plaintiff obtained medical treatment the following morning at Alice Hyde Hospital in Malone, New York. In addition to the physical injuries, Plaintiff suffered not only physical pain and anguish, but mental pain and anguish, stress, depression and related emotional injuries as a result of the unlawful and excessive use of force against his person by the Defendants.

-2-

5.  At the time of Plaintiff's arrest, he was a passenger in a taxicab van on College Avenue in the City of Elmira, New York.  The cab driver had stopped across the street from a place on College Avenue where a 2002 Chevy pickup was stopped and detained by members of the Elmira City Police Department.

6.  That the 2002 Chevy pickup truck which had been stopped was occupied by Plaintiff's brother and nephew, as well as the driver and other passengers.

7.  The Plaintiff had been advised by Keshia Thompson, who was in the truck and used her cell phone to contact Plaintiff and the other occupants of the taxicab van, that Plaintiff's brother had been tased multiple times.

8.  Plaintiff, after being so advised, exited the taxicab van and started to cross the street to inquire about his brother.

9.  As Plaintiff started to cross the street to check on his brother and before Plaintiff had even gotten to the center line of College Avenue, one or more of the Defendants ordered the Plaintiff to retreat from the scene.  Plaintiff immediately stopped in the road and responded by stating that he was checking on his brother who he had learned had been tased.  While so responding, Plaintiff had both hands in the air with his palms open.   Plaintiff was then again ordered to retreat from the scene, and as Plaintif  was back pedaling toward the location of the taxicab van, he was tasered by one of the Defendants.  Several of the Defendants then rushed at the Plaintiff and subjected the Plaintiff to offensive physical contact, including the repeated tasering of the Plaintiff by one or more of the Defendants.

10.  After Plaintiff was forced to the ground and was being physically pressed to the ground by two of the Defendants and while offering no resistance, Plaintiff was

-3-

again tasered by one of the Defendants who is believed to be Defendant Samuelson.

11.  That prior to being subjected to excessive and unreasonable use of force, Plaintiff was never advised that he was under arrest or that he was being arrested for any crime or offense.

## JURISDICTION AND VENUE

12.  This action is being brought pursuant to 42 U.S.C. 1983, 1985 1986 and 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.

13.  Jurisdiction is founded on 28 U.S.C. 1331 and 1343 (1), ( 2), (3)  and (4).

14.  Venue properly lies with this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims occurred in the Western District of New York.  Also, upon information and belief, all of the Defendants reside in the Western District of New York.

## PARTIES

15.  Plaintiff is a Native American and a member of the Kanienkehaka Territory located within the geographical confines of the Northern District of New York via Hogansburg, New York.

16.  Defendant, BENJAMIN H. BUCK,  at all times relevant hereto was a member of the City of Elmira Police Department.

17.  Defendant, JOSHUA D. VANSKIVER,  at all times relevant hereto was a member of the City of Elmira Police Department.

18.  Defendant, EUGENE WALRATH,  at all times relevant hereto was a member of the City of Elmira Police Department.

-4-

19. Defendant, OFFICER SAMUELSON, at all times relevant hereto was a member of the City of Elmira Police Department.

20. Defendant, OFFICER SCHREIBER, at all times relevant hereto was a member of the City of Elmira Police Department.

21. All of the Defendants above named physically either participated in the use of unlawful and excessive force against the person of the Plaintiff, or aided, abetted, encouraged and ratified the unlawful excessive use of force against the person of the Plaintiff on the date and at the time and place herein above set forth.

## GENERAL ALLEGATIONS

22. Each of the Defendants is being sued in his or her individual and official capacity.

23. The actions of all Defendants described above were conducted under color of State law and in wilful disregard of the rights of the Plaintiff so guaranteed to the Plaintiff under the Fourth and Fourteenth amendments to the United States Constitution.

## FIRST CLAIM FOR RELIEF

24. Plaintiff realleges and reiterates each and every allegation set forth in paragraphs "1" through "23" above set forth.

25. The implementation of the taser (multiple times) against the person of the Plaintiff constitutes excessive and unreasonable use of force in violation of the Fourth and Fourteenth Amendments to the Constitution and 42 U. S. C. §1983.

-5-

26.  That the conduct of the Defendants was wilful and wanton and in knowing violation of the rules and regulations of the Defendants' own Police Department and with malicious intent to cause physical injury to the Plaintiff so that the Plaintiff is entitled to punitive damages to be assessed against each of the Defendants named herein.

27.  As a result of Defendants' conduct, the Plaintiff has suffered compensatory damages in an amount to be determined by the Court.

28.  The supervising Defendants permitted these acts of excessive force to occur either through deliberate indifference or by ratifying, condoning or ordering such acts.

### DEMAND FOR A JURY TRIAL

29.  Plaintiff hereby demands a trial by Jury.

**WHEREFORE**, Plaintiff requests the following relief:

(1)  Declaratory judgment declaring that the Plaintiff's Constitutional rights to be free from the use of unlawful and excessive use of force were violated by the Defendants named herein;

(2)  Compensatory damages according to the proof;

(3)  Punitive damages against the Defendants in an amount sufficient to deter and prevent future unlawful conduct;

(4) Reasonable attorneys' fees and costs pursuant to 42 U. S. C. §1988;

-6-

(5) Such other and further relief as appears reasonable and just.

Dated: August 31, 2015
     Syracuse, New York

Respectfully Submitted,

HOFFMANN, HUBERT & HOFFMANN, LLP

Terrance J. Hoffmann, Esq.,
Federal Bar Roll No.:_____
Attorneys for Plaintiff
Office and P. O. Address
4629 Onondaga Boulevard
Syracuse, NY 13219
Telephone: (315) 471-4107

-7-

## VERIFICATION

State of New York    )
County of Onondaga) ss.:


    I, **TEKAHONRAKE,** being duly sworn, deposes and says that I am the Plaintiff in the within action and  have read the foregoing "Complaint" and know the contents thereof,  that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true.

TEKAHONRAKE


Sworn to before me this
31ST day of August  2015

Notary Public

TERRANCE J. HOFFMANN
Notary Public, State of New York
Qualified in Onondaga County
No. 02HO5026940
Commission Expires:  April 25, 2018